UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 24-0041-KK-SHKx | Date: | March 21, 2024 |
|---|---|---|---|
| Title: | *Keith Brooks v. Venture HR Services LLC et al.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why Action Should Not Be Dismissed for Failure to Prosecute and Comply with Court Orders

On January 26, 2024, the Court issued its Order Setting Scheduling Conference, requiring the parties to "complete the Schedule of Pretrial Dates form attached to th[e] Order and attach it to the Joint Rule 26(f) Report." ECF Docket No. ("Dkt.") 12 at 5. While the parties have filed their Joint Rule 26(f) Report, it does not include the required Schedule of Pretrial Dates form. Dkt. 13. The parties are, therefore, in violation of the Court's January 26, 2024 Order.

The Court further notes, in the parties' Joint Rule 26(f) Report, Plaintiff's counsel stated they "should be able to complete the discovery necessary to file a motion for class certification by one year after the scheduling conference and to conduct discovery for the trial (after certification) within a year after that date." Dkt. 13 at 12-13. Pursuant to the Court's Standing Order available on the Court's website, Plaintiff's Motion for Class Certification shall be filed "no later than 100 days from the date of the parties' Rule 26(f) conference[,]" i.e. July 6, 2024. To the extent the parties seek a schedule that drastically departs from the Court's recommended timeline, the parties must provide adequate justification for such departure. Failure to provide an adequate justification will result in denial of the request. In addition, while Defendants estimate trial to take "60-75 court days," dkt. 13 at 16-17, the Court will, under no circumstance, grant such request.

Finally, in light of the schedule the parties apparently seek, the parties are encouraged to meet and confer regarding the possibility of proceeding with this case before a United States Magistrate Judge under 28 U.S.C. § 636. Additional information, including a list of all currently

available judges, can be found on the Court's website at http://www.cacd.uscourts.gov/judges-requirements/court-programs/voluntary-consent-magistrate-judges.

Accordingly, in light of the parties' violation of the Court's January 26, 2024 Order, Plaintiff is **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed and/or sanctions imposed for failure to prosecute and/or comply with court orders. Plaintiff shall have **up to and including March 28, 2024** to respond to this Order.

**Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice and/or other sanctions, including monetary sanctions, for failure to prosecute and comply with Court orders. See FED. R. CIV. P. 41(b).**

It is FURTHER ORDERED that the Scheduling Conference set for March 28, 2024, is hereby **VACATED**.

**IT IS SO ORDERED.**